UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Edmund Schwesinger, Jr.** | : | No.   5:15CV1683 |
| *Plaintiff* | : | |
| v. | : | |
| | : | |
| | : | |
| **Daniel Hendrie and** | : | |
| **Town of Greenwich** | : | |
| *Defendants* | : | |
| | : | **November 16, 2015** |

## COMPLAINT

**Count One        42 U.S.C. Section 1983   (Excessive Force)**

1. This is an action for money damages to redress the deprivation by the defendant of rights secured to the plaintiff to be free from excessive and unreasonable force, unlawful seizure, his right to be free from false arrest and malicious prosecution, and the denial of substantive due process rights afforded by the Constitution and laws of the United States.

2. Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1343 (3) and (4) and 1367(a) of Title 28 and Section 1983 and 1988 of Title 42 of the United States Code, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and the laws of the State of Connecticut.

3. Jurisdiction of this Court is invoked, in the state law claims, under the provisions of Section 1367 of Title 28 of the United States Code.

4. During all times mentioned in this action, the plaintiff, Edmund

Schwesinger, Jr,, was, and still is, an adult citizen of the United States, residing in Greenwich, CT.

5. Defendant Daniel S. Hendrie, during all times mentioned in this action, was and is a duly appointed officer in the Greenwich Police Department, acting in his official capacity, and is a resident of Pawling, New York. He is sued, however, only in his individual capacity.

6. The defendant, during all times mentioned in this action, acted under color of law of the Constitution and Statutes of the United States and State of Connecticut, the laws, charter, ordinances, policies, rules, regulations, customs and usages, of the State of Connecticut and the Town of Greenwich.

7. On November 18, 2013, at about 3:50 PM, Defendant Hendrie reported and wrongfully and unlawfully alleged that he stopped the Plaintiff for driving while using a cell phone, in violation of C.G.S. Section 14-296aa.

8. Plaintiff advised Defendant Hendrie that he needed to go to the hospital to attend to his wife and asked Defendant Hendrie to follow him to the hospital.

9. Defendant Hendrie ordered the plaintiff to remain on scene, and the plaintiff, who was distraught, again requested that the officer follow him to the hospital.

10. The plaintiff turned around and the defendant violently grabbed the plaintiff, who was 74 years old, and forcefully thrust him against his vehicle, causing serious injury.

11. Upon information and belief, Defendant Hendrie, who was 38 years old at the time of the incident with the plaintiff, is significantly larger and stronger than the plaintiff.

12. The defendant wrongfully alleged that the plaintiff resisted arrest, and wrongfully alleged that the plaintiff pulled away, pushed the defendant and kicked the defendant.

13. Defendant Hendrie handcuffed the plaintiff and unlawfully charged him with violating Connecticut General Statutes Section 53a-182, Disorderly Conduct, Connecticut General Statutes Connecticut General Statutes Section 53a-167 Hindering Prosecution, and Connecticut General Statutes Section 14-296aa, use of hand held phones by motor vehicle operators.

14. The Plaintiff was required to attend several criminal court appearances.

15. All charges were dismissed by a Connecticut Superior Court Judge.

16. The defendant knew or should have known that severe emotional distress was the likely result of such conduct.

17. As direct and proximate result of the actions of the defendant, the Plaintiff suffered severe emotional distress including great humiliation, embarrassment, anxiety, stress, emotional and mental upset, loss of sleep, and loss of time from personal pursuits.

18. Plaintiff Edmund Schwesinger's stress was foreseeable and severe enough to cause illness or bodily harm.

19. As a result of the conduct of the defendant, the plaintiff sustained

significant injury to his left eye, including a retinal detachment and dislocated lens implant, which required surgical intervention.

20. As a result of the conduct of the defendant, the plaintiff sustained injuries to his left shoulder and neck

21. In the manner described above, the injuries to Plaintiff Edmund Schwesinger were the direct and proximate result of the intentional actions of the defendant.

22. As a result of the physical assault by the defendant, the plaintiff sustained severe pain.

23. The defendant had a duty to perform the responsibilities of his position without the use of excessive force.

24. In light of the facts and circumstances the defendant employed unreasonable force.

25. On August 5, 2014 the Town of Greenwich was placed on notice of said claims, through in hand service made upon Carmella Budkins, Town Clerk, by a State Marshal.

26. The intentional actions were unjustified and unlawful.

27. In the manner described above, the injuries to the plaintiff were the direct and proximate result of the intentional actions of the defendant.

28. The intentional acts of the defendant were reckless, wanton, willful and malicious, and outside the scope of his official employment.

**Count Two          42 U.S.C. Section 1983   (False Arrest)**

1-28.   Paragraphs one through twenty eight of Count One are hereby incorporated as paragraphs one through twenty eight of Count Two.

29.   The plaintiff was falsely imprisoned, without probable cause, and done without lawful justification or reason.

30.   The defendant unlawfully restrained the physical liberty of the plaintiff.

31.   As a result the wrongful conduct of the defendant the plaintiff sustained injuries and incurred the costs of retaining counsel to defend the charges lodged against him.

**Count Three          42 U.S.C. Section 1983   (Malicious Prosecution)**

1-28.   Paragraphs one through twenty eight of Count One are hereby incorporated as paragraphs one through twenty eight of Count Three.

29.   The defendant initiated criminal proceedings against the plaintiff.

30.   The defendant arrested the plaintiff without probable cause.

31.   The criminal proceedings were terminated in the plaintiff's favor.

32.   The defendant acted with malice, primarily for a purpose other than bringing of an offender to justice.

33.   As a result the wrongful conduct of the defendant the plaintiff sustained injuries and incurred the costs of retaining counsel to defend the charges lodged against him.

**Count Four:**             **Reckless Infliction of Emotional Distress**

1-28. Paragraphs one through twenty eight of Count One are hereby incorporated as paragraphs one through twenty eight of Count Four

29. The actions of the defendant constituted a reckless infliction of emotional distress upon Plaintiff Edmund Schwesinger, Jr.

30. The defendant intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of their conduct.

31. As a direct and proximate result of the acts of the defendant, as described herein, the plaintiff suffered severe emotional distress.

32. The plaintiff's distress was foreseeable and severe enough to cause illness or bodily harm.


**Count Five:**             **Negligent Infliction of Emotional Distress**

1-25. Paragraphs one through twenty five of Count One are hereby incorporated as paragraphs one through twenty five of Count Five.

26. The defendant's conduct created an unreasonable risk of causing severe emotional distress.

27. The defendant breached his duty to perform the responsibilities of his positon without the use of excessive in the manner described above.

28. In the manner described above, the injuries to the plaintiff were the direct and proximate result of the negligent actions of the Defendant.

29. The actions of the defendant constituted the negligent infliction of emotional distress upon Plaintiff Edmund Schwesinger, Jr.

**Count Six:**             **Invasion of Privacy**

1-28.  Paragraphs one through twenty eight of Count One are hereby incorporated as paragraphs one through twenty eight of Count Six.

29.  The actions of the Defendant, specifically the length of Plaintiff Edmund Schwesinger's unlawful detention, constituted an intrusion upon his physical solitude and seclusion.

.

**Count Seven**             **Assault**

1-28.  Paragraphs one through twenty eight of Count One are hereby incorporated as paragraphs one through twenty eight of Count Seven.

29.  The defendant intended to cause the plaintiff immediate apprehension of harmful or offensive bodily contact and had the apparent ability to complete the act.

**Count Eight**             **Battery**

1-28.  Paragraphs one through twenty eight of Count One are hereby incorporated as paragraphs one through twenty eight of Count Eight.

29.  The defendant intended to cause harmful or offensive contact with the plaintiff and a harmful contact directly resulted.

**Count Nine               False Arrest and Unlawful Seizure**

**(Common Law and State Constitution)**

1-28.   Paragraphs one through twenty eight of Count One are hereby incorporated as paragraphs one through twenty eight of Count Nine.

29.   The conduct of the defendant deprived the plaintiff of his rights under Article I, Sections 7 and 9 of the Connecticut Constitution, Connecticut common law, including his right to be free from false arrest.

30.   The plaintiff was falsely imprisoned, without probable cause, and done without lawful justification or reason.

31.   The defendant unlawfully restrained the physical liberty of the plaintiff, against his will, and that the defendant acted with the purpose of imposing confinement.

32.   The plaintiff was aware of the confinement and the plaintiff suffered injury from the confinement.


**Count Ten               Malicious Prosecution**

**(Common Law and State Constitution)**

1-28.   Paragraphs one through twenty eight of Count One are hereby incorporated as paragraphs one through twenty eight of Count Ten.

29.   The conduct of the defendant deprived the plaintiff of his rights under Article I, Sections 8 and 9 of the Connecticut Constitution, Connecticut common law, including his right to be free from false arrest.

30.   The defendant initiated criminal proceedings against the plaintiff.

31. The defendant arrested the plaintiff without probable cause.

32. The criminal proceedings were terminated in the plaintiff's favor.

33. The defendant acted with malice, primarily for a purpose other than bringing of an offender to justice.

**Count Eleven          Indemnification under C.G.S. Section 7-465**

1-28. Paragraphs one through twenty eight of Count One are hereby incorporated as paragraphs one through twenty eight of Count Eleven.

29. The Town of Greenwich, CT is a municipal corporation organized and existing under the statutes of the State of Connecticut and is the public employer of Defendant Hendrie.

30. Defendant Town of Greenwich is legally liable to pay on behalf of the Defendant Hendrie, all sums which the defendant become obligated to pay for damages awarded for the infringement of the civil rights and physical damages to plaintiff as a result of the events complained of herein pursuant to C.G.S. Section 7-465.

**Count Twelve      Municipal Liability under C.G.S. Section 52-577n**

1-28.  Paragraphs one through twenty eight of Count One are hereby incorporated as paragraphs one through twenty eight of Count Twelve.

29.  Defendant Town of Greenwich, CT is a municipal corporation organized and existing under the statutes of the State of Connecticut and is the public employer of Defendant Hendrie.

30.  Defendant Town of Greenwich is legally liable to pay on behalf of the Defendant Hendrie, all sums which the defendant become obligated to pay for damages awarded for the negligent acts of Defendant Hendrie that arise within the scope of his employment or official duties, as a Town employee or agent, complained of herein, pursuant to C.G.S. Section 52-577n.

By His Attorney

/s/  Robert Berke
_____
Robert M. Berke
640 Clinton Avenue
Bridgeport, CT 06605
203 332-6000
203 332-0661 fax
Bar No. 22117
robertberke@optonline.net

## JURY DEMAND

The plaintiff requests a trial by jury.

By His Attorney

**/s/   Robert Berke**

_____
Robert M. Berke
640 Clinton Avenue
Bridgeport, CT 06606
203 332-6000
203 332-0661 fax
Bar No. 22117
robertberke@optonline.net

Wherefore, the plaintiff claims:

a) Compensatory damages;

b) Punitive damages;

c) Attorney's fees;

.

By Their Attorney

**/s/     Robert Berke**

_____

Robert M. Berke
640 Clinton Avenue
Bridgeport, CT 06606
203 332-6000
203 332-0661 fax
Bar No. 22117
robertberke@optonline.net